IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JEWEL GRIFFIN**                                                                                          **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 3:22-cv-237-KHJ-MTP**

**STATE OF MISSISSIPPI**                                                                              **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this matter and failure to comply with the Court's orders. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On May 5, 2022, Plaintiff, proceeding pro se, filed her Complaint. In the accompanying Civil Cover Sheet, Plaintiff indicates that this action is brought under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962. Plaintiff names the State of Mississippi as the defendant. The Complaint, however, was submitted on a "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" form, and Plaintiff indicates, via checked boxes, that she is seeking court review of a decision of the Commissioner of the Social Security Administration. But, Plaintiff alleges that she has "suffered a great deal of abuse mentally and phisically [sic] due to a human traffickin [sic] ran by the Government."

On May 10, 2022, the Clerk of Court directed Plaintiff to file a RICO case statement, providing, among other things, the facts Plaintiff is relying upon to initiate a RICO complaint. *See* RICO Notice [3]. The RICO case statement was due on May 31, 2022.

On May 27, 2022, Plaintiff filed an April 26, 2011, statement from Ted L. Gunderson (purportedly a former FBI agent from Los Angeles, California), concerning the United States

1

monitoring computers, emails, and phone calls. *See* [4].  In the margins of this statement, Plaintiff states, among other things, that the "Government" is controlling her phones and computers and that children are being trafficked and sexually assaulted.

Plaintiff did not comply with the RICO Notice [3], directing Plaintiff to file a RICO case statement.  The Court was unable to decipher whether Plaintiff intends to bring a RICO claim, or any other claim, in this action.

Thus, on July 12, 2022, the Court entered an Order to Show Cause and Clarify [6].  The Court directed Plaintiff to file the following on or before July 26, 2022: a written statement setting forth why this case should not be dismissed for her failure to file a RICO case statement and either (a) a RICO case statement or (b) if she doe not intend to bring a RICO claim, an amended complaint providing Plaintiff's specific claims, the facts supporting the claims, the identity of the defendants, and the basis for the Court's jurisdiction. *See* Order [6].  The Court warned Plaintiff that her failure to show cause or clarify her claims may result in the dismissal of this action without prejudice and without further notice. *Id*.

The Court also found that clarification of Plaintiff's financial status is necessary to address her Motions for Leave to Proceed *in forma pauperis* [2] [5]. *Id*.  The Court ordered Plaintiff to file a compete long-form IFP application and clarify the means supporting her existence on or before July 26, 2022. *Id*.  The Court warned Plaintiff that her failure to file a completed IFP application and provide additional financial information may result in the denial of her Motions [2] [5]. *Id*.

To date, Plaintiff has not responded to the Order to Show Cause and Clarify [6]. Pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

## RECOMMENDATION

As Plaintiff has failed to prosecute this action and comply with the Court's Orders, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 12th day of September, 2022.

s/ Michael T. Parker
United States Magistrate Judge